Lipscomb, J.
At the time this succession was opened we had no statutory enactment on the subject. The laws of the State of Louisiana in relation to vacant successions had been adopted by the ordinance of the 22d January, 1S3G. (Art. 9S3, Hart. Dig.) In the case of Flores, administrator, v. Howth & Dwyer, 5th Texas, it was ruled by this court that under the laws of Louisiana an administrator held his appointment, for one year only, hut that it could be extended for sufficient cause' shown from year ‘to year not exceeding five years. The laws of Louisiana, so adopted, continued in force until superseded by the act of the. Texas Congress of February 5th, 1S40.
By this act, however, the limitation was still coni inued to one year for closing the administration, unless continued open for good cause, shown. (Hart. Dig., 102G.) It would seem, then, that, at the date of the institution of this suit the authority of the administrator held by virtue of his appointment in 1838 had long before expired, and the right of action for the land sued for belonged to thehoir. If the administration had been continued so long, not however a fair presumption, it could only have been done by an affirmative act of the Probate Court, which ought to have been'averred hi the petition and proven. If the administration was not continued by the court the appointment would cease to confer any authority at the expiration of one year from the letters of administration.
*21 In the ease oí Fisk v. Norvel. administrator, at the present term, it was decided that the property o£ an intestate belonged to his heirs, incumbered however wiih his debts, and that the object o£ the administration was to pay off and remove the incumbrance, afler which the heir was entitled to the possession oí the, balance not absorbed by the debts. That this is correct we entertain not the least doubt. If the administration has been closed the presumption is that all the debts have been paid off and it would seem that after a lapse o£ thirteen years from the grant of administration, and no order for its continuing open, the presumption would be equally strong that all- the debts had been paid off. If this was not the case the creditors would have taken some steps ere this to have liad them paid.
We believe that the plea of no administrator was well pleaded, and if true that it was decisive against the plaintiff’s right to sue. because it was in his representa! ive capacity alone that if could have any pretext for suing- for rights that belonged to the heir. Independent ly of the statute fixing the precise period of one year to the administration, it would seem that after a lapse of thirteen years the presumption would lie that all legal demands against the succession had been discharged. If however this was not the case, and protracted litigation had prevented this from being doin', it would be the duty of the administrator to repel the presumption by proof of the fact to sustain his right of action. The judgment must be reversed and cause remanded.
Reversed and remanded.