HOUSTON AND TEXAS CENTRAL RAILWAY CO. v. MRS. S. A. ROGERS.

Delivered March 13, 1897.

1. **Statute Making Actions for Personal Injuries Survive Not Retroactive.**

The act of May 4, 1895, providing that actions for personal injuries other than those resulting in death shall not abate because of the plaintiff's death, or that of the party liable, applies to a case where the injury occurred prior to the act, and the plaintiff's death subsequent thereto, and is not retroacting in such application.

2. **Pleading—Capacity in Which Plaintiff Sues—Surviving Widow—Necessary Allegations.**

Where plaintiff brought suit for personal injuries that occurred before his marriage, and died pending the action, his wife could not prosecute the suit as surviving widow, the damages not being community property, and her allegation that she was his only heir and legal represntative was not sufficient, in the absence of an averment that there was no administration on his estate and no neccessity tor any.

3. **Negligence—Charge of Court—Railway Company.**

Failure of the operatives of a railroad engine to ring the bell and blow the whistle when approaching a public crossing, as required by statute, is negligence per se, and the court may so instruct.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY.

*Frost, Neblett & Blanding*, for appellant.—1. Before appellee could maintain suit against the appellant for the recovery of damages sustained by Jim Rogers, as heir of Jim Rogers, or as surviving widow, she must have alleged that there was no administration upon the estate of Jim Rogers, deceased, and have alleged facts showing there was no necessity for an administration upon his estate. Rev. Stats. of 1895, art. 1246; Moore v. Morris, 2 Texas, 400; Evans v. Oakland, 2 Texas,

182; Lacy v. Williams, 8 Texas, 185; Sanders v. Devreaux, 25 Texas Supp., 12; Giddings v. Steel, 28 Texas, 747; Bennett v. Gregory, 21 Texas, 510; Cochran v. Thompson, 18 Texas, 622; Schmidt v. Miller, 71 Texas, 106; Law v. Felton, 84 Texas, 385; Bird v. Ellis, 35 S. W. Rep., 1070.

2.  There is no statute in Texas which makes the failure to ring a bell and blow a whistle at public road crossing negligence per se on the part of the railroad company and unlawful on its part; the statute in Texas requiring a bell to be rung and a whistle to be blown fixes the penalty only against the engineer in charge of the engine.  Calhoun v. Railway, 84 Texas, 226; Garteizer v. Railway, 2 Texas Civ. App., 235; Railway v. Hill, 71 Texas, 451; Campbell v. Trimble, 75 Texas, 270.

*Croft & Croft*, for appellee.—1.  Under former rules of practice, actions for personal damages, or injuries not resulting in death, against corporations or other defendants, died with the death of the parties bringing or prosecuting them; and legal representatives or creditors of the decedents had no right to renew or prosecute such action further, because they could have no interest, legal or otherwise, to subserve in so doing.  The Act of the Legislature approved May 4, 1895, was passed for the benefit of the heirs and legal representatives, and not for the benefit of creditors, of such decedents.  Hence, it was unnecessary to allege that there was no administration of the estate of the original plaintiffs in this suit, and no necessity for any administration, in the paper making Mrs. Rogers a party, as the only surviving heir and legal representative of the deceased Jim Rogers.

2.  It was not error for the court to charge that the failure of the defendant or its servants to have the whistle blown and the bell rung is in itself negligence.  Art. 4232, Supp. to Sayles' Civ. Stats., Acts of 1893, p. 87; Railway v. Murphy, 46 Texas, 357, 366; 2 Willson C. C., secs. 693, 694; Thomas & Gaston v. Dasheill, 65 Texas, 508; Brown v. Griffin, 71 Texas, 654, 659; Railway v. Hill, 71 Texas, 459; Railway v. Howard, 2 Posey U. C., 431; Railway v. Wilson, 60 Texas, 143, 144; Railway v. Chapman, 57 Texas, 78; Railway v. Bailey, 83 Texas, 78; Railway v. Mackney, 83 Texas, 413, 414; Railway v. Bush, 34 S. W. Rep., 133; Railway v. Harris, 36 S. W. Rep., 776; Railway v. Laverty, 4 Texas Civ. App., 76; 37 S. W. Rep., 25.

RAINEY, Associate Justice.—This suit was instituted on February 28, 1895, by James Rogers against the Houston and Texas Central Railway Company to recover damages for personal injuries alleged to have been received by him through the negligence of the appellant.  At the time said injuries were alleged to have occurred, said Rogers was a single man.  He was married to appellee subsequent thereto.  On March 15, 1896, said Rogers died, and on the 16th day of said month

the appellee, in open court, suggested the death of said James Rogers, and asked to prosecute the suit for her own benefit.

Appellant answered, demurred generally, and plead contributory negligence on the part of said James Rogers. Said demurrer was overruled, and on the trial judgment was rendered for appellee. Exceptions were taken to the overruling of the general demurrer, which ruling of the court is assigned as error.

The first proposition assigned by appellant is as follows: "The injury having occurred before the enactment of the law of May 4, 1895, allowing a cause of action for personal injuries, other than those resulting in death, to survive, the law applies as it stood at the time of the injury, and the law passed after the injury occurred cannot apply, because it would be retroactive, and would destroy the right appellant had to abate the suit on the death of Rogers."

The act referred to in said proposition provides, "From and after the passage of this act, causes of action on which suit has been or may hereafter be brought by the injured party for personal injuries other than those resulting in death, whether such injuries be to the health or to the reputation or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party and against the person, receiver or corporation liable for such injuries and his legal representatives; and so surviving, such cause may be thereafter prosecuted in like manner and with like legal effect as would a cause of action for injuries to personal property." Gen. Laws, 1895, p. 143.

At the time this act went into effect there was a valid cause of action existing in favor of James Rogers against the appellant. The passage of the act by the Legislature authorizing the survival of suits in favor of heirs and legal representatives for personal injuries, other than those resulting in death, did not interfere with any vested right of the appellant, and was not contrary to the Constitution. No authorities on this proposition have been cited by either side, nor has this court been able to find any authority that decides the exact point. We think, however, upon principle, that it is analagous to the statute of limitation,—in which cases it is well settled that before the term of limitation has expired, the legislature can restrict or extend the statute, and such will be binding upon contracts already entered into; but, where limitation has expired, a statute subsequently passed would not revive the right of recovery. So, in this case, if Rogers had died before the passage of the statute in question, the act would not revive the right to sue in favor of Mrs. Rogers; but as the cause of action existed at the time of the passage of the act, we think the Legislature was empowered to prescribe that the action, on the death of the injured party, should survive to the heirs or legal representatives. We therefore hold that the proposition of appellant is not correct.

The next proposition made by appellant is as follows: "Before appellee could maintain suit against the appellant for the recovery of damages sustained by Jim Rogers, as heir of Jim Rogers, or as surviving widow, she must have alleged that there was no administration upon the estate of Jim Rogers, deceased, and have alleged facts showing that there was no necessity for an administration upon his estate."

The allegation of appellee's petition is, that Jim Rogers died, leaving her his wife and only surviving heir and legal representative; and she asked to be permitted to prosecute the suit. The record shows that the cause of action accrued to Jim Rogers before his marriage, and was therefore not community property; appellee therefore had no right to sue as surviving widow. Her allegation that she was the only surviving heir is not sufficient, because it is well settled in this State that the heir cannot sue as such, without alleging that there is no administration pending, and that there is no necessity for an administration on the estate of the deceased. Laws v. Felton, 84 Texas, 385, and authorities there cited. Nor do we think that the allegation that she was the "legal representative" sufficient for her to maintain the suit. In order for a party to maintain a suit as legal representative of the decedent, he must allege a valid appointment by a court of competent jurisdiction as executor or administrator of the decedent's estate. As the appellee failed to do this, the allegations were not sufficient to entitle her to judgment; and the court therefore erred in overruling the defendant's demurrer. Beal v. Batte, 31 Texas, 372; Fisk v. Norvell, 9 Texas, 15; Boyle v. Forbes, 9 Texas, 35; Roundtree v. Stone, 81 Texas, 299.

The second assignment of error is: "The court erred in its general charge to the jury as follows, 'As to the question of negligence on the defendant's part, you are instructed that under the law it was the duty of the defendant's engineer and the employes running said engine, when approaching the point where the railroad is crossed by a public county road, when such engine is within 80 rods or 440 yards of such crossing, to begin ringing their bell and blowing their whistle, and to keep such bell ringing until they have crossed such public road; and the failure of the defendant's servants, as aforesaid, to have such whistle so blown and such bell so rung, is in itself negligence; and if, in the case before you, the defendant failed to ring the bell, as required by law, and to blow the whistle as so required, and such failure was the cause of the injury which was inflicted upon James Rogers, then the defendant was guilty of negligence, and you will find for the plaintiff, unless you find that Jim Rogers was guilty of contributory negligence.' "

The objection to this charge is, that the court determines, and so instructs the jury, that the failure to blow the whistle and ring the bell is negligence per se, and does not leave the question of negligence vel non for the jury to find, and that the only question of fact submitted to the jury for their determination in the charge quoted, was whether such

failure to blow the whistle and ring the bell, if it existed, was the cause of the injury to Jim Rogers.

We are of opinion that this assignment is without merit. The statute makes it the duty of the servants of a railway company to blow the whistle within eighty rods of such crossing, and to begin to ring the bell and keep such bell ringing until such public road is crossed. The failure to comply with this duty is negligence and the court is authorized to so state to the jury, and if such negligence is the proximate cause of the injury, plaintiff is entitled to recover, unless he is guilty of contributory negligence. Railway v. Laverty, 4 Texas Civ. App., 74; Railway v. Mackney, 83 Texas, 413; Texas C. P. Co. v. Bailey, 83 Texas, 19; Railway v. Hubbard, 37 S. W. Rep., 25; Railway v. Harris, 37 S. W. Rep., 776.

The fourth assignment of error is: "The court erred in refusing defendant's special charge, as follows, 'If you believe from the evidence that the engineer in charge of the defendant's engine sounded the whistle at a distance less than 80 rods from the road crossing where the injury occurred, and rang the bell and caused it to be rung from such time until the crossing was passed, and further believe from the evidence that if Rogers had exercised the care and prudence stated in the general charge as he approached the railroad, and could have heard the whistle blow and the bell rung, or either of them, before going on the railroad, then he could not recover;' because there was evidence showing that the whistle was so blown and the bell so rung, and further showing that a reasonably prudent person could have heard such whistle and bell in time to have avoided injury."

The court, in addition to the general charge on contributory negligence, gave the following special charge asked by the defendant: "If you believe from the evidence that the engineer started the engine toward the crossing where the injury occurred at a distance less than 80 rods, the law would only require the whistle blown and the bell rung from the point where the engine started toward the crossing; and if the whistle was so blown and the bell rung from such point, and continued to ring to the crossing, then plaintiff cannot recover." Also, "before the plaintiff can recover, the burden of proof is on her to show by a preponderance of the evidence that the defendant was guilty of negligence as charged in the petition. If the evidence balances and does not predominate either way, you will find for the defendant."

Having given the two last charges at the request of the defendant, we think there was no material error in failing to give the charge refused.

For the failure of the court to sustain defendant's general demurrer, to plaintiff's petition on the ground of failing to allege her capacity to sue, the judgment is reversed and the cause remanded.

*Reversed and remanded.*