NANCY A. FISH v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY.[1]

82     9
s84     180

December 14, 1900.

Nos. 12,419—(127).

**Municipal Surveys—Evidence—Laws 1899, c. 284.**

> Laws 1899, c. 284, declaring the effect as evidence of records, plats and surveys made by the engineering department of municipalities of the state, construed, and *held*: (1) That the act is valid, and applies to all actions, including those wholly between private parties and those pending at the time it was enacted; (2) that the prima facie case made on the trial of this action by the introduction in evidence of such records, plats, and surveys was not conclusively rebutted by other undisputed evidence, and that the trial court rightly granted a new trial herein.

Action in the district court for Ramsey county to recover possession of real estate. The case was tried before Bunn, J., who directed a verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*How & Taylor,* for appellant.

*C. E. Joslin,* for respondent.

START, C. J.

This action, in its analysis, is one for the recovery of the possession of such portions, if any, of lots 5 and 6, in block 171, West St. Paul Proper, as extend south of the north line of the south $\frac{1}{2}$ of the southwest $\frac{1}{4}$ of section 5, township 28, range 22. This line is designated in the record in this case as the "quarter quarter line," and it was conceded on the trial to be the north boundary line of the plaintiff's land.

The principal issue between the parties was the location of this

[1] Reported in 84 N. W. 458.

line upon the ground. There were no stakes or monuments, or other evidence upon the ground, except a post at the southwest corner of section 5, by which the government or the street, block, or lot lines could be located. The plaintiff introduced evidence, including certain maps and records of surveys in the office of the city engineer of the city of St. Paul, which she claimed located the quarter quarter line in question so as to show that a triangular piece of land off the southerly ends of lots 5 and 6 was south of the line, and therefore belonged to her. If this claim was correct, then the evidence made a prima facie case for the plaintiff, as the defendant was admittedly in possession of such part of the lots. The city maps and surveys, if competent evidence, indicated the location of the line as claimed by the plaintiff. The trial court, at the close of the evidence, directed a verdict for the defendant. The plaintiff made a motion for a new trial, and from an order granting it the defendant appealed.

It seems to be conceded that the trial judge refused to submit the case to the jury on the ground that the city maps and surveys were not competent evidence, but, upon his attention being called, for the first time, upon the motion for a new trial, to Laws 1899, c. 284, he was of the opinion that the evidence was competent by virtue of this statute; hence it was error to take the case from the jury. The principal question presented by the record for our consideration is the proper construction of the statute, which reads as follows:

"All records of surveys made by the engineering department of any municipality in this state, including field notes of surveys, profiles, plats, plans and other files and records of such department, shall be prima facie evidence in any proceeding in all courts in this state of the correctness of the showing and statements therein made; and the existence of such files and records in the office of such engineering department shall be considered prima facie evidence of the fact that such files and records were made by such engineering department for the use and benefit of such municipality."

The defendant claims that the statute does not provide a rule of evidence between private parties as to the location of private boundaries, but that it applies only to actions in which a municipality is a party. It is clear that the statute simply prescribes a rule of evi-

dence, and is within the constitutional powers of the legislature. The clear and specific language of the statute making it applicable to all proceedings in all courts of the state forbids the construction urged by counsel for defendant. It would be difficult to select language which would more clearly express an intention to make the statute applicable to all actions and proceedings involving disputed boundary lines than that used therein. The last clause of the statute in no manner limits the general scope of the statute, as declared in the first clause thereof. The statute establishes two rules of evidence. The first declares the plats and surveys made by the engineering department of any municipality prima facie evidence in all proceedings in all courts. But, if the statute had ended with this declaration, it would have been of limited value as a remedial statute, for after the lapse of years it would be difficult to prove by whom the plats and surveys were made; hence the necessity of a second rule of evidence making the fact that the plats and surveys are a part of the records in the office of such engineering department prima facie evidence that they were made by such department.

The defendant, however, claims that, even if the statute does apply to all actions, including those wholly between private parties, it does not apply to actions which, like this one, were pending at the time the statute was enacted. It is true that statutes—especially those regulating conduct or creating rights—should not be construed as retrospective in their application, unless the contrary appears to have been intended by the legislature. Giles v. Giles, 22 Minn. 348. But the statute in question is a remedial one, which neither creates new rights nor takes away vested ones, for it simply declares a rule of evidence. The right to have one's controversies determined by existing rules of procedure and evidence is not a vested right. Cooley, Const. Lim. 367; State v. Baldwin, 62 Minn. 518, 65 N. W. 80. It is obvious from the reading of this statute, that it was intended to operate retrospectively, for it would defeat its remedial purpose to construe it as applying only to plats and surveys made in the future by the engineering department. The statute was in force on and after its passage, and at that time the plats and surveys described therein became competent prima

facie evidence in all actions in all the courts of this state. In the absence of any proviso to the statute indicating an intention to exclude pending actions, it is clear that the only permissible construction of it is that it is, and was intended to be, retrospective in its operation, and that it applies to pending actions as well as to future ones.

Lastly, the defendant claims that the prima facie case established by the plats and surveys in question, conceding them to have been competent evidence, was conclusively rebutted by other undisputed evidence in the case. The record does not sustain this contention. Treating such plats and surveys as competent evidence in the case, the location of the "quarter quarter line" was a question of fact, and the trial court rightly granted a new trial.

Order affirmed.