In the Matter of the Estate of MARGARET M. ELLIS.

[February 23, 1912.]

Executors and Their Attorneys—Application for Compensation.— Section 1616 of the Code of Civil Procedure, as amended in 1911, referring to applications by executors and administrators, and the attorneys of either, to be compensated for services, is a remedial statute and to be liberally construed.

Statutes—Retrospective Operation.—A Remedial Statute, unless it provides to the contrary, is to be given a retrospective effect, if to do so does not violate some vested right or constitutional guaranty.

Applications of administrator and attorney under section 1616, Code of Civil Procedure, as amended in 1911.

Joseph Leggett, for applicants.

COFFEY, J. The provisions of section 1616, Code of Civil Procedure, relating to applications of this kind are remedial.

In Black on Interpretation of Statutes, page 489, the author says: "A law is equally entitled to be considered a remedial statute whether it remedies a defect of the common law or of the pre-existing body of statute law." And on the same page he says: "Any statute which gives a remedy or means of redress where none existed before, or which creates a right of action in an individual, or a particular class of individuals, is remedial, within the meaning of this rule."

These provisions being remedial, they should be liberally construed so as to effect the purpose for which they were enacted. In Cullerton v. Mead, 22 Cal. 95, 98, Mr. Justice Crocker, delivering the opinion of the court, said: "This is a remedial statute, and it must, therefore, be construed liberally, and when the meaning is doubtful, it must be so construed as to extend the remedy."

In Toomy v. Dunphy, 86 Cal. 639, 642, 25 Pac. 130, Gibson, C., said: "Thus we perceive that the clause is remedial in its object, and if its meaning is doubtful, as suggested by this controversy, its words will have to be construed so as to suppress the mischief adverted to, and advance the remedy."

In Buck v. City of Eureka, 97 Cal. 135, 137, 31 Pac. 845, Chief Justice Beatty, delivering the opinion of the court, said: "The rule, on the contrary, is, that remedial statutes should be liberally construed in favor of the remedy, and rules of procedure are remedial in their nature."

And in Brackett v. Banegas, 99 Cal. 623, 34 Pac. 344, it was held that a statute intended to be remedial should receive a liberal interpretation.

These provisions relate to procedure, and therefore apply to pending as well as future proceedings.

In Sutherland on Statutory Construction, volume 2, section 482 (2d ed. by Lewis, sec. 674), it is said: "Where a new statute deals with procedure only, prima facie it applies to all actions—those which have accrued or are pending, and future actions."

In Judkins v. Taffe, 21 Or. 89, 92, 27 Pac. 221, Bean, J., delivering the opinion of the court, said: "And such remedial statutes take up proceedings in pending causes where they find them, and when the statute under which such proceedings were commenced is amended the subsequent proceedings must be regulated by the amendatory act."

In Lazarus v. Metropolitan E. Ry. Co., 145 N. Y. 581, 40 N. E. 240, it was decided that a law changing procedure applies as well to actions pending when the statute was passed as to those subsequently commenced, unless the former are specially excepted. In delivering the opinion of the court in that case, at page 585, Chief Justice Andrews said: "But

it would be a very inconvenient rule, tending to great confusion, if a rule of practice existing when an action is commenced attaches itself to the substance of the right in litigation so that it could not be changed, or that a law changing procedure should be held inapplicable to subsequent proceedings in pending actions unless in terms made applicable thereto.''

In Fish v. Chicago etc. Ry. Co., 82 Minn. 9, 83 Am. St. Rep. 398, 84 N. W. 458, Chief Justice Start, delivering the opinion of the court, said: ''In the absence of any proviso to the statute indicating an intention to exclude pending actions, it is clear that the only permissible construction of it is, that it is, and was intended to be, retrospective in its operation, and that it applies to pending actions as well as to future ones.''

The provisions under consideration are prospective in their operation.

In Larkin v. Saffarans, 15 Fed. 147, it was decided that statutes which are remedial will be given a retrospective effect unless they direct to the contrary.

Chief Justice Mitchell, in delivering the opinion of the court, in Connecticut Mutual Life Ins. Co. v. Talbot, 113 Ind. 373, 378, 3 Am. St. Rep. 655, 14 N. E. 586, said: ''The rule peculiarly applicable to remedial statutes, however, is, that a statute must be so construed as to make it effect the evident purpose for which it was enacted, and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty.''

Application granted.