## LYON–GRAY LUMBER CO. v. GIBRALTAR LIFE INS. CO. (No. 483–3963.)*

(Commission of Appeals of Texas, Section B. Feb. 18, 1925.)

**1. Abatement and revival ⬤39—Statute preventing abatement of suits against dissolved corporation applies to pending suit.**

Acts 2d Called Sess. 1919, c. 56, § 1 (Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, art. 1206), providing that a dissolution of a corporation shall not operate to abate, nor be construed as abating, any pending suit in which such corporation is a defendant, etc., applies to a pending suit against a dissolved corporation.

**2. Constitutional law ⬤106—Person has no vested rights in continuation of particular procedure.**

Person has no vested rights in continuation of particular procedure.

**3. Equity ⬤1—Equitable rights and principles are part of Texas law.**

Equitable rights and principles are part of Texas law.

**4. Corporations ⬤627—Creditors of corporation, upon its dissolution, entitled to be paid out of assets with priority to stockholders.**

Creditors of a corporation, upon its dissolution, have the right to be paid out of its assets with priority to its stockholders.

**5. Abatement and revival ⬤39—Constitutional law ⬤154(1), 191—Statute preventing abatement of actions against dissolved corporation, as applied to pending suit against dissolved corporation, held not retroactive or to impair contract rights.**

Acts 2d Called Sess. 1919, c. 56, § 1 (Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, art. 1206), preventing abatement of actions against dissolved corporation, as applied to pending suit against a corporation previously dissolved, *held* not unconstitutional as retroactive or as impairing contractual rights, it merely supplying a form or procedure for doing what could have been done with less ease under Acts (2d Sess.) 1871, c. 80, § 39 (Paschal's Dig. art. 5970); Acts 1887, c. 131, §§ 1, 19 (Rev. St. arts. 2128, 2155); Acts 1907, c. 166, § 4 (Rev. St. art. 1206).

**6. Corporations ⬤630(1)—Proceeding against dissolved corporation is in nature of administration of estate of old corporation.**

A proceeding against a dissolved corporation, under Acts 2d Called Sess. 1919, c. 56, § 1 (Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, art. 1206), is in the nature of an administration upon the estate of the old corporation, to make the common fund answerable for the debts which were created on the credit of that fund.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by the Lyon-Gray Lumber Company against the Gibraltar Life Insurance Company and another. From an adverse judgment of the district court in favor of defendant named, plaintiff appealed to the Court of Civil Appeals, which affirmed (247 S. W. 652), and plaintiff brings error. Judgments reversed as to named defendant, with directions, and judgment affirmed as to other defendant because no appeal was taken from it.

Head, Dillard, Smith, Maxey & Head, of Sherman, for plaintiff in error.

Edgar Wright, of Paris, amicus curiæ.

STAYTON, J. In an action for recovery and foreclosure against the owner of premises under the mechanic's lien statutes, plaintiff in error was denied judgment in the courts below because, pending suit, the defendant, a Texas corporation, was dissolved by the voluntary act of its stockholders. A statute effective a year and nine months after the latter event and before the trial of the case, provided that "the dissolution of a corporation shall not operate to abate, nor be construed as abating any pending suit in which such corporation is a defendant, but such suit shall continue against such corporation and judgment shall be rendered as though the same was not dissolved." Acts 1919 (2d C. S.) c. 56, § 1; Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1922, art. 1206. It was held below that this law (which was an amendment by way of addition to statutes presently to be noticed) should not and could not be construed to apply to a case like the present one—a pending suit in which a dissolution had already taken effect, because, in such event, it would be made to apply retroactively and to the impairment of the obligation of contracts, in disobedience of the Constitution and of the rule of construction that a law operates prospectively only. It was held that when the suit was tried there was no real defendant in it. If the statute did validly cover this case it is conceded that at the time of trial the suit was pending against a corporate defendant and that a judgment in favor of plaintiff was authorized; and this view is correct, since enactments of the nature have the undoubted effect of extending corporate existence after dissolution for the formal purpose of suit by creditors. Worcester Color Co. v. Henry Woods, etc., 209 Mass. 105, 95 N. E. 392; Pomeroy's Lessee v. Bank, 68 U. S. 23, 17 L. Ed. 500; Metropolitan Co. v. Metropolitan Co., 156 App. Div. 577, 141 N. Y. S. 608. It appears also that the wording is broad enough to include future judgments in cases like the one under investigation. The only questions are, whether the latter meaning is inhibited by the rule of construction just mentioned, and, if not, whether it is denied by the stated prohibitions of the Constitution.

[1] Without entering into a discussion of whether, if it is remedial only, the statute

may be construed to have a retrospective effect it will be sufficient to observe that at least no rule of construction is offended by making it apply to conditions and situations existing at the time it became a law. Fristoe v. Blum, 92 Tex. 82, 45 S. W. 998; Johnson v. Taylor, 60 Tex. 362; Phœnix Co. v. Shearman (Tex. Civ. App.) 43 S. W. 1063. The enactment readily operates, from its date forward, upon a suit of the present nature. Its purpose is best met by making no distinction between cases on the basis of the time of the institution of them or of the dissolution of the defendants. There is, then, no ground for rejecting its application unless such an interpretation of it would interfere with some right already existing either in the form of a contractual obligation or a "vested" right, as ordinarily understood.

[2-4] It is clear, on turning to the latter inquiry, that if a right against the assets of the defunct corporation already existed in plaintiff at the time the statute was passed, and was not at that time barred or denied under some existing contract or law, the fact that a new remedy was given or even that a remedy was for the first time created, would not infringe the Constitution, because there can be no vested rights in the continuation of the state of procedure. Fristoe v. Blum, 92 Tex. 76, 45 S. W. 998; Fish v. Chicago, etc., Ry., 82 Minn. 9, 84 N. W. 458, 83 Am. St. Rep. 398; Sutherland v. De Leon, 1 Tex. 305, 46 Am. Dec. 100; H. & T. C. v. Rogers, 15 Tex. Civ. App. 680, 39 S. W. 1112; De Cordova v. Galveston, 4 Tex. 470; M., K. & T. v. Settle, 19 Tex. Civ. App. 357, 47 S. W. 827. But if such a substantive right did not exist, and was for the first time created by this statute, the application of the Constitution would deny plaintiff relief. The solution of the question at hand should therefore depend upon whether the statute gave to creditors of a corporation a right or a remedy.

At one period it was considered to be the common law that upon the dissolution of a corporation its debts were extinguished. Suits pending against it abated. But courts of equity viewed the difficulty as one of procedure only and gave remedy to creditors in pending suits, as well as generally, against the assets of defunct corporations. By them actions against such concerns, dissolved pendente lite, were viewed as suspended only, new parties were made, the assets distributed through a receivership, or the corporation treated as continuing. The right was accorded a remedy. Life Association v. Goode, 71 Tex. 96, 8 S. W. 639; 3 Select Essays Anglo American Legal History, 232–234; City of Louisville v. Bank, 3 B. Mon. (Ky.) 142. And, whatever may be contended as to equitable processes and remedies generally, it is quite plain that equitable rights and principles have been continually a part

269 S.W.—6

of the law of Texas, and that among these has always been the doctrine that the creditors of a corporation, upon its dissolution, have the right to be paid out of its assets with priority to its stockholders. See clauses defining the jurisdiction of the district court in the five Constitutions and Panhandle National Bank v. Emery, 78 Tex. 505, 15 S. W. 23; Lyon Thomas Hardware Co. v. Perry, etc., Co., 86 Tex. 143, 164, 24 S. W. 16, 22 L. R. A. 802; Townes' Texas Pleading, 152–155. To enforce rights of this nature statutes, sometimes in aid and sometimes to the exclusion of equitable remedies, were passed by various states of this Union, whereby the debts of corporations were declared to survive their dissolution and made collectible against trustees or through receiverships or by means of the extension of corporate existence, especially for winding up. And all of these resorts amounted, in substance, to the same thing. Life Ass'n v. Fassett, 102 Ill. 315; Greenbrier, etc., Co. v. Ward, 114 Ill. 614, 3 N. E. 233; Nelson v. Hubbard, 96 Ala. 248, 11 So. 428, 17 L. R. A. 375.

[5] In 1871 a statute was enacted in this state providing that upon the dissolution of a domestic corporation, unless a receiver were appointed, the president and directors of the company at the time of its dissolution should be trustees of its creditors and stockholders, with full power to settle its affairs, collect outstanding obligations, and divide the assets among the stockholders, after paying the debts owed by it at the time of its dissolution; and, for this purpose, to maintain and defend any judicial proceeding. Paschal's Dig. art. 5970. The district court then had jurisdiction to appoint receivers, but 16 years later it was specifically authorized to conduct receiverships of dissolved corporations under full equity powers and rules. Act 1887, p. 119; R. S. arts. 2128, 2155. And in 1907, the article just previously mentioned as defining the authority and duties of trustees was re-enacted and other powers were added, that is, to defend judicial proceedings, etc., "in the name of such corporation, * * * to exercise the full power and authority of said company over such assets and properties," and to extend the existence of the corporation for 3 years for the purpose of enabling them to settle its affairs. It was also provided that in case a receiver were appointed by a court, for that purpose, "the existence of such corporation" could be continued by the court as long as in its discretion it was necessary, "to suitably settle up the affairs of such corporation." R. S. art. 1206.

Under these statutes it was decided that a defunct and unextended corporation, as such, could do no act, and, in a case where at the time of judgment the only defendant was a dissolved corporation and no new par-

'ties had been made and no receivership or extension had, that plaintiff was not entitled to judgment, and, also, in a case where no property was left by the late company, that he could not recover damages against the trustees, as such. This was plain. A dead corporation had no existence for any purpose; and there could be no recovery without a defendant and no trustees without a trust. It was also stated, though not decided, that the dissolution of a corporation abated a suit against it, but this was not said in the sense that it rendered other or further proceedings impossible. Very generally it was recognized, as by the Court of Civil Appeals in the present case, that the dissolution of a Texas corporation did not cancel its debts, and that the rights of the creditors against the defendant, and, after its dissolution, at least against such assets as it left, could be enforced by means of a receivership, or against the trustees jointly; and no decision to the contrary has been found. Life Association v. Goode, 71 Tex. 90, 8 S. W. 639; 2 Posey Unrep. Cas. 414; Giles v. Stanton, 86 Tex. 620, 26 S. W. 615; Houston, etc., Co. v. Nicolini (Tex. Civ. App.) 96 S. W. 92; Southern, etc., Co. v. Anderson (Tex. Civ. App.) 152 S. W. 816; Orange Lbr. Co. v. Toole (Tex. Civ. App.) 181 S. W. 823; Corsicana Transit Co. v. Walton (Tex. Civ. App.) 189 S. W. 307; Leyhe v. Leyhe (Tex. Civ. App.) 220 S. W. 379; White v. Motor Car & Supply Co. (Tex. Civ. App.) 203 S. W. 441, 228 S. W. 141; Gamer v. Gamage (Tex. Civ. App.) 241 S. W. 736.

The Court of Civil Appeals at Texarkana and the Supreme Court of the United States construed the last statute as authorizing judgment against a corporation, as such, after its dissolution, the extension of its existence being evidently viewed as automatic under the words of the statute—a point not here necessary to decide. Butcher v. Case, etc. (Tex. Civ. App.) 207 S. W. 980; Pease v. Rathbun-Jones, etc., Co., 243 U. S. 277, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147.

This was the state of the law when the present suit was filed, the corporate defendant dissolved, and the Act of 1919 passed, that both re-enacted the former law and expressly authorized a judgment against the corporation as such, notwithstanding its dissolution. It must be apparent, and it is nowhere denied, that these statutes had the effect of abrogating the common-law rule, that a corporation's debts were dissolved with it, and of declaring the contrary doctrine of equity. Under them a plaintiff's right against the concern, on its termination, became a right against all that was left of it—its assets; and he clearly had, if not more, one or the other of two remedies, receivership or judgment against the trustees. 5 Thompson on Corporations, § 6560; Castle's

Adm. v. Acrogen, etc., 145 Ky. 591, 140 S. W. 1034; Nezik v. Cole, 43 Cal. App. 130, 184 P. 525.

If, up to the time of judgment had, the plaintiff in this case had failed to make the necessary parties or to take the requisite steps for a receivership, and if the corporate entity had not been extended by the trustees, it may be that under the law, as it stood till 1919, there could have been no recovery. But while plaintiff still had its substantive right against the assets, and still had and might have availed itself of two remedies for its enforcement, the Act of 1919 was passed that gave another clear remedy—the continuation· of the suit against the corporation.

It did not operate to take away or confer any substantive right; it only supplied a form or procedure, that without retrospection might apply in pending or future cases from the date of the act forward. Everything·it did could have been accomplished in the present case without it, though with less ease. Under the authorities already cited it was therefore not retroactive.

If contractual obligations were involved, this law did not impair them, for the reason that it only had the effect of continuing the corporate entity for the special and formal purpose of liquidation and of aiding the payment of its just obligations, as the stockholders should have contemplated ought to be done in some appropriate way. A corporation under this statute is not really extended or relaunched as a business concern to the prejudice of those having a right to dissolve it; the assets are merely personified so as to be made responsible, as they should be, to suit.

[6] The proceeding is in the nature of "an administration" upon the estate of the old company, and is "doing, in a more convenient form, what a court of equity, with competent powers, might do; viz., making the common fund answerable for the debts, which were created on the credit of that fund." Foster v. Essex Bank, 16 Mass. 245, 8 Am. Dec. 137; Nelson v. Hubbard, 96 Ala. 248, 11 So. 428, 17 L. R. A. 375. It is, moreover, perfecting, in a sensible way, the right and remedies that, under the statutes of this state, many years before shareholders were accorded the privilege of voluntary dissolution, had been given to creditors of corporations, upon dissolution, to have satisfaction from the assets by means of trusteeships or receiverships; so that, if this privilege of shareholders was contractual in its nature, it was necessarily qualified from the date of its inception by this previous statutory right of creditors, and indeed by these previous statutory remedies that were already manifestly undergoing a degree of growth. Act Dec. 2, 1871; Acts 1887, p. 119; Acts 1907, p. 311.

As the district court and the Court of Civil

Appeals found that plaintiff should have recovered on its claim and materialman's lien, except for the dissolution of the corporation, but as we consider that the latter was not a valid reason for denying recovery, we recommend that their judgments be reversed, and that judgment be rendered, as prayed, in behalf of plaintiff in error against the Gibraltar Life Insurance Company in the sum of $4,561.70, with legal interest from January 1, 1915, and that its lien be foreclosed against the real estate and improvements described in the petition filed by it in the district court. The judgment in favor of a formal defendant, John T. Finn, should be affirmed because no appeal was taken from it.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by Commission of Appeals. Judgment in favor of John T. Finn affirmed.