WAYNE ROM v. GEORGE E. CALHOUN AND ANOTHER.[1]

November 5, 1948.

No. 34,697.

*Smith & Nolan,* for appellant.
*Herbert E. Olson* and *Day, Lundberg & Stokes,* for respondents.

KNUTSON, JUSTICE.

This is an action to recover damages for personal injuries sustained by plaintiff in a collision between an automobile operated by plaintiff and one driven by defendant Peter Strowbridge and owned by defendant Calhoun.

Plaintiff's automobile was traveling east on U. S. highway No. 2 between the city of Bemidji and the village of Cass Lake, this state, at the time of the collision. Defendant Strowbridge was going in the opposite direction. The collision occurred about 1 a. m. on July 13, 1946, at a point on said highway approximately 13 miles east of Bemidji.

The jury returned a verdict for defendants. Plaintiff appeals from an order denying his motion for a new trial.

Plaintiff contends that it was error to admit the testimony of two members of the state highway patrol who investigated the collision, and he also assigns as error misconduct of counsel for defendants.

■ At the time of the collision, the testimony of members of the highway patrol who appeared as witnesses was inadmissible under M. S. A. 169.09, subd. 13, which, so far as pertinent here, reads as follows:

"* * * No such report or contents thereof shall be used as evidence in any trial, civil or criminal, arising out of an accident, and no person in any trial or action shall be examined or testify as to such report nor as to the making thereof or the contents thereof, * * *."

Hickok v. Margolis, 221 Minn. 480, 22 N. W. (2d) 850; Lowen v. Pates, 219 Minn. 566, 18 N. W. (2d) 455.

Subsequent to the collision, but prior to the trial, § 169.09, subd. 13, was amended by L. 1947, c. 114, the pertinent portion of which amendment reads:

"Nothing herein shall be construed to prevent any person who has made a report pursuant to this chapter from testifying in any trial, civil or criminal, arising out of an accident, as to facts within his knowledge. It is intended by this subdivision to render privileged the reports required but it is not intended to prohibit proof of the facts to which such reports relate."

It is the contention of plaintiff that L. 1947, c. 114, should not be retroactive in effect and that, inasmuch as the collision occurred prior to the amendment, the testimony is inadmissible, even though the trial took place after the amendment.

In the case of Fish v. C. St. P. & K. C. Ry. Co. 82 Minn. 9, 11, 84 N. W. 458, 459, we said with respect to a statute declaring that plats and surveys made by an engineering department of a municipality are prima facie evidence in all proceedings in court:

"The defendant, however, claims that, even if the statute does apply to all actions, including those wholly between private parties, it does not apply to actions which, like this one, were pending at the time the statute was enacted. It is true that statutes—especially those regulating conduct or creating rights—should not be construed as retrospective in their application, unless the contrary appears to have been intended by the legislature. Giles v. Giles, 22 Minn. 348. But the statute in question is a remedial one, which neither creates new rights nor takes away vested ones, for it simply declares a rule of evidence. The right to have one's controversies determined by existing rules of procedure and evidence is not a vested right. Cooley, Const. Lim. 367; State v. Baldwin, 62 Minn. 518, 65 N. W. 80. It is obvious from the reading of this statute, that it was intended to operate retrospectively, for it would defeat its remedial purpose to

construe it as applying only to plats and surveys made in the future by the engineering department."

In Beckman v. Schroeder, 224 Minn. 370, 28 N. W. (2d) 629, where we granted a new trial on other grounds, we held that after the 1947 amendment testimony similar to that involved here would be admissible in the retrial of the case, which would take place after the amendment, even though it was not admissible at the time of the first trial, which was held prior to the amendment.

Plaintiff relies largely upon Welsh v. Barnes-Duluth Shipbuilding Co. 221 Minn. 37, 21 N. W. (2d) 43. That case involved a change in practice brought about by L. 1945, c. 282, § 1, subd. 2, which provides that in the trial of any civil or criminal case any adverse ruling, order, decision, or instruction of the court on a matter of law shall be deemed excepted to for all purposes of the chapter. All we held in that case was that the case was governed by the rules in force at the time of the trial. It is not authority for the point urged here.

Section 169.09 simply prescribes a rule of evidence. As such, the 1947 amendment is applicable to any trial held after the effective date of the amendment, and it was not error to admit the testimony of the patrolmen in this case.

■ Prior to the trial of the case, the presiding judge and counsel for all parties conferred in chambers regarding the questions that would be permitted of prospective jurors regarding their interest or lack of interest in any insurance company which might be affected by the outcome of the litigation. Counsel for defendants informed the court that the State Automobile Insurance Association of Des Moines, Iowa, had insured defendant Calhoun, but that the company now denied liability on the ground that insured had failed promptly to report the accident, and defendants' counsel objected to plaintiff's counsel questioning the jurors concerning their interest, or lack of it, in the insurer, or mentioning the insurance company at all in the presence of the jury. It is conceded that defendants' counsel was then employed by the insurance company. He would not flatly state that the insurance company was not interested in the

case. In view of counsel's refusal to state that the insurance company was not interested in the outcome of the litigation, the trial court indicated that he would permit plaintiff's counsel to ask the jurors generally whether they were interested in the insurance company whose name had been disclosed to plaintiff's counsel by defendants' counsel. Upon returning to the courtroom and continuing the examination of prospective jurors, plaintiff's counsel proceeded in the manner that the trial court had indicated he would permit. He asked the following question of the jurors generally:

"Mr. Smith: I ask you jurors if any of you have business connections with the State Automobile Insurance Association of Des Moines, Iowa."

Counsel for defendants then made the following statement in the presence of the jury:

"Mr. Day: May it please the Court, I object to this procedure that on the ground of the state of the record that was made in chambers in the absence of the jury such a question is not justified and is made for the purpose of prejudicing the jury in this case. Particularly on behalf of defendant Strowbridge counsel has been advised that there is no insurance with respect to him, and with respect to the defendant Calhoun that though he carried an insurance policy with this company, the company has denied liability because of his violation of the terms of the policy. Counsel has been advised of that, and we object to such proceeding, to ask questions relating to it with reference to this case."

Generally, the matter of granting a new trial for misconduct of counsel rests in the sound discretion of the trial court, and its action will not be reversed on appeal. However, we cannot condone the action of counsel who persist in doing things which they must know is highly improper. The trial court fairly determined in chambers, in the absence of the jury, in conference with counsel representing all parties, how far plaintiff could go in questioning the jury. That should have ended the matter. There was no justification for imputing to plaintiff's counsel any impropriety or unfair tactics in fol-

lowing the trial court's decision on the matter. Improper statements of counsel to the jury such as we have here might well be sufficient to turn the jury in defendants' favor in a case close on the facts, as this one is. In its memorandum to the order denying a new trial, the trial court said:

"* * * Statements made by counsel for defendants in the presence of the jury during the examination of the jury panel, some statements made during the trial and referred to in the notice of motion, as well as certain statements made by counsel for defendants in argument and referred to generally on page 375 of the transcript, were not in accord with good practice and may be considered reprehensible."

We feel that these statements were also prejudicial. It is unfortunate that litigants must suffer the expense and inconvenience of a new trial on account of misconduct of counsel, but if attorneys persist in doing that which they must know is improper there is no other way of correcting what might well be a miscarriage of justice. We feel that in this case there should be a new trial for misconduct of counsel.

Reversed.

Mr. Justice Peterson and Mr. Justice Magney took no part in the consideration or decision of this case.