JAMES D. MAHER, *d. b. a.* MAHER COMPANY,
v. MORRIS ROISNER.[1]

April 10, 1953.

No. 35,811.

*Hoffmann, Donahue & Graff,* for appellant.
*Jack Tarbox,* for respondent.

LORING, CHIEF JUSTICE.

This is an action to recover a real estate commission alleged to be due plaintiff as the result of his having produced a buyer who was ready, willing, and able to purchase certain property. A verdict was returned for plaintiff. This appeal is from an order denying defendant's motion for a new trial.

During his closing argument defendant's attorney argued that, although plaintiff claimed to have advertised the property, he had

[1]Reported in 57 N. W. (2d) 810.

not produced any evidence that the property had been advertised in the newspapers in spite of the fact that such evidence would have been readily obtainable from specified sources. Plaintiff's counsel objected to such argument on the grounds that defendant's counsel was testifying to facts not in evidence, there being nothing in the evidence about such sources. This objection was overruled. It appears from affidavits of both counsel that, at this point, counsel for plaintiff handed to defendant's counsel, as he was continuing his closing argument, an envelope containing newspaper clippings of certain advertisements obviously purporting to be advertisements of the property involved in this action. Whether they actually do refer to this property appears debatable. Somehow, the envelope opened; the clippings spilled on the floor and admittedly might have been seen by the jury. These clippings were picked up by defendant's counsel as he continued his argument. Defendant's counsel made no mention of this incident until after the jury had been charged and had retired to deliberate. He then made an objection to the misconduct of plaintiff's attorney and noted an exception. He did not argue that the jury be discharged and a mistrial declared nor did he ask the court to recall the jury and give any additional instruction.

In a memorandum accompanying the order denying defendant's motion for a new trial, the trial court, in discussing this error, stated its opinion that a mere exception, after the jury had been charged and had retired and without any request for additional instruction or demand for a mistrial, would not support a motion for a mistrial after an adverse verdict had been received.

The determination of whether or not the misconduct of counsel warrants a new trial rests almost entirely in the discretion of the trial judge. Orchard v. Northwest Airlines, Inc. 236 Minn. 42, 51 N. W. (2d) 645; State v. Becker, 231 Minn. 174, 42 N. W. (2d) 704; Rom v. Calhoun, 227 Minn. 143, 34 N. W. (2d) 359; Smith v. Barry, 219 Minn. 182, 17 N. W. (2d) 324. The trial judge herein was apparently of the opinion that the misconduct did warrant a new

trial if the proper procedure had been followed by defendant's attorney. In his memorandum, the trial judge states:

"* * * If objection had been made at the time probably a mistrial should have been ordered."

That the misconduct of plaintiff's attorney was such as to deprive defendant of a fair trial, is too obvious to require further elaboration.

Therefore, the issue before us resolves itself into the question of whether or not defendant lost his right to a new trial by his failure to make the proper motions. In the case of an error involving the exposure to the jury of material evidence not properly admitted, it is possible that instructions could not have cured the resulting damage. See, Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582; Krenik v. Westerman, 201 Minn. 255, 275 N. W. 849; Evans v. C. M. & St. P. Ry. Co. 133 Minn. 293, 158 N. W. 335; Swanson v. Swanson, 196 Minn. 298, 265 N. W. 39; Crowley v. Burns Boiler & Mfg. Co. 100 Minn. 178, 110 N. W. 969. Of course, proper procedure would have been for defendant's counsel to move for a mistrial. See, Flemming v. Thorson, 231 Minn. 343, 43 N. W. (2d) 225; Powell v. Standard Oil Co. 168 Minn. 248, 210 N. W. 55; Seitz v. Claybourne, 181 Minn. 4, 231 N. W. 714; Gibson v. Iowa Cent. Ry. Co. 115 Minn. 147, 131 N. W. 1057. However, where the misconduct was as fundamental and manifest as that exhibited here, we feel that the court should have declared a mistrial *sua sponte*. Undoubtedly, by his failure to proceed properly, defendant might well have lost the right to correction of less substantial errors; but such a conspicuous example of misconduct, involving the exposure to the jury of material evidence not properly introduced, destroyed all semblance of a fair trial. The trial court should have interfered on its own initiative on being apprised of the matter. Magistad v. Potter, 227 Minn. 570, 36 N. W. (2d) 400; Prescott v. Swanson, 197 Minn. 325, 267 N. W. 251; Ferraro v. Taylor, 197 Minn. 5, 265 N. W. 829; Brown v. Burrow, 171 Minn. 219, 213 N. W. 890; C. & N. W. Ry. Co. v. Kelly (8 Cir.) 74 F. (2d)

31. This is especially true when the evidence is as close as it is in the case at bar. Swanson v. Swanson, 196 Minn. 298, 265 N. W. 39; see, Rom v. Calhoun, 227 Minn. 143, 34 N. W. (2d) 359; Anderson v. Hawthorn Fuel Co. 201 Minn. 580, 277 N. W. 259. We do not mean to indicate that this action is granted for disciplinary reasons; it is based rather on the resulting prejudice. See, Romann v. Bender, 190 Minn. 419, 252 N. W. 80; Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570.

Normally questions of misconduct involving statements of counsel cannot be raised on affidavits (Pettersen v. Fosseen, 194 Minn. 265, 260 N. W. 225; State v. Geary, 184 Minn. 387, 239 N. W. 158), but, when the alleged error involves conduct rather than statements, often the only way such matters can be adequately brought before this court is by affidavit of counsel and remarks of the court. In this case the conduct of plaintiff's attorney is substantially admitted, and insofar as conduct may be shown by the record it is verified.

Plaintiff argues that the court erred in not sustaining plaintiff's objection to the remarks of counsel which immediately preceded the exposure of the clippings. Plaintiff had a remedy if the ruling was erroneous. Right or wrong, a trial court's rulings are to be respected and followed. We cannot disapprove too strongly of such "self-help" methods on the part of counsel.

Reversed and new trial ordered.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.