IN RE ESTATE OF VICTOR BREOLE.
RICHARD JOHN KOSTAMO v. NORTHERN CITY
NATIONAL BANK, ADMINISTRATOR OF ESTATE OF
VICTOR BREOLE, AND OTHERS.*

178 N. W. (2d) 896.

June 19, 1970—No. 42195.

Arthur Roberts and James T. Prest, for appellant.

Sullivan, Hanft, Hastings, Fride & O'Brien, Edward T. Fride, and Noel P. Muller, for respondents.

* Record certified to United States Supreme Court September 15, 1970.

PER CURIAM.

Appeal from a judgment of the district court affirming the findings of fact, conclusions of law, and order determining heirship filed by the probate court.

As in In re Estate of Pakarinen, 287 Minn. 330, 178 N. W. (2d) 714, the issue presented is the constitutionality of that provision of Minn. St. 525.172 which requires an illegitimate to produce an attested written declaration of paternity made by decedent as a condition to inheritance. Here, appellant, the illegitimate son of the decedent, seeks to inherit from decedent under the omitted-child provision [1] of the Minnesota Probate Code without producing an attested written declaration of paternity made by decedent. For reasons discussed in In re Estate of Pakarinen, *supra,* we hold that the challenged provision of § 525.172 is not unconstitutional.

Affirmed.

---

[1] Minn. St. 525.201 provides: "If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate unless it appears that such omission was intentional and not occasioned by accident or mistake."