212 N.W.2d 894 (1973)
In re ESTATE of Victor BREOLE, Decedent.
Richard John KOSTAMO, Appellant,
v.
NORTHERN CITY NATIONAL BANK OF DULUTH, Administrator of the Estate of Victor Breole, et al., Respondents,
Jennie Breole, et al., Respondents.
No. 43855.
Supreme Court of Minnesota.
December 7, 1973.
Arthur Roberts and James T. Prest, Duluth, for appellant.
Sullivan, Hanft, Hastings, Fride & O'Brien, Edward T. Fride and William M. Burns, Duluth, for Northern City Nat. Bk. of Duluth and others.
Heard before KNUTSON, C. J., and PETERSON, KELLY, YETKA, and SCOTT, JJ., and considered en banc.
YETKA, Justice.
Appeal from a judgment of the district court determining that appellant was not a legal heir of decedent, Victor Breole. We affirm.
Appellant, Richard John Kostamo, was born on May 21, 1924, to Hilma Kostamo. Upon a plea of guilty to a paternity complaint brought in the District Court of St. Louis County on November 3, 1924, Victor Breole was adjudged to be appellant's father.
Breole died on September 16, 1967, in Duluth. A will, leaving $3,000 and $2,000 to a niece and nephew respectively and the residue of his estate to his brother, was admitted to probate on November 13, 1967. *895 Appellant was not mentioned in the will. An interlocutory decree of distribution, finding, among other things, that appellant was not an heir of the decedent and ordering distribution of the estate in accordance with the provisions of the will, was issued by the probate court, St. Louis County, on August 19, 1971.
Appellant appealed to the District Court of St. Louis County on September 23, 1971. After trial without jury, on January 7, 1972, the district court on May 17, 1972, affirmed the interlocutory decree of distribution and ordered the appeal dismissed. Appeal from the judgment entered pursuant to that order was taken on June 28, 1972.
This will and these parties have previously been before this court. On June 28, 1968, Richard John Kostamo petitioned the St. Louis County probate court for determination of heirship, claiming to be the illegitimate son of the decedent. His heirship was denied on October 31, 1968, for failure to meet the requirements of Minn. St.1969, § 525.172. That result was affirmed on appeal to the district court and appeal was made to this court challenging the constitutionality of § 525.172 on equal protection grounds. This court upheld the statute and affirmed the district court judgment in In re Estate of Breole, 287 Minn. 556, 178 N.W.2d 896 (1970), relying primarily on the opinion in a companion case, In re Estate of Pakarinen, 287 Minn. 330, 178 N.W.2d 714 (1970). Appeal was taken to the Supreme Court of the United States in each case, but the appeals were dismissed for want of a substantial Federal question on April 19, 1971. Kostamo v. Northern City Nat. Bank, 402 U.S. 902, 91 S.Ct. 1365, 28 L.Ed.2d 643; Hietala v. The Heir of Pakarinen, 402 U.S. 903, 91 S.Ct. 1384, 28 L.Ed.2d 644. This court refused to entertain appellant's petition for rehearing on May 13, 1971.
By this appeal appellant seeks to recover an intestate share of decedent's estate by virtue of Minn.St. 525.201, which reads as follows:
"If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate unless it appears that such omission was intentional and not occasioned by accident or mistake."
The right of inheritance of an illegitimate child is provided by statute in Minnesota. At the date of decedent's death, the statute then applicable, Minn.St.1969, § 525.172, provided as follows:
"An illegitimate child shall inherit from his mother the same as if born in lawful wedlock, and also from the person who in writing and before a competent attesting witness shall have declared himself to be his father, provided such writing or an authenticated copy thereof shall be produced in the proceeding in which it is asserted; but such child shall not inherit from the kindred of either parent by right of representation." (Italics supplied.)
That provision was also in effect at the time appellant sought a determination of heirship. When he failed to produce the required attestation and his petition was denied, he contested the constitutionality of Minn.St.1969, § 525.172, on the grounds that the requirement of written attestation worked a denial of equal protection. This court, noting the absence of absolute proof of paternity, found the requirement to be rationally related to the purpose of orderly distribution of property left by an intestate decedent. In re Estate of Pakarinen, 287 Minn. 330, 336, 178 N.W.2d 714, 717 (1970).
The Minnesota Legislature in 1971 amended this statute by enacting L.1971, c. 122. Minn.St. 525.172 now states:
"An illegitimate child shall inherit from his mother the same as if born in lawful wedlock, and also from the person who in writing and before a competent attesting witness shall have declared *896 himself to be his father, provided such writing or an authenticated copy thereof shall be produced in the proceeding in which it is asserted or from the person who has been determined to be the father of such child in a paternity proceeding before a court of competent jurisdiction; but such child shall not inherit from the kindred of the father by right of representation." (Italics supplied.)
L.1971, c. 122, was passed prior to the probate court's interlocutory decree of distribution, but almost 4 years after decedent's death. It is appellant's position that c. 122 should be given retrospective application so that he might be granted an intestate share as provided in Minn.St. 525.201.
Minn.St. 645.21 provides:
"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."
There is no clear and manifest legislative intention that L.1971, c. 122, have retroactive application.
Appellant argues that c. 122 was intended to be humanitarian and should be given liberal construction; that it was not intended to be applicable to matters of evidence; and that Rule 43.01, Rules of Civil Procedure, applies.
Appellant's first argument has little merit because here vested property rights may be defeated and this court will not give retroactive application to a statute contrary to the clear intent of the legislature.
On appellant's second point, he relies heavily on the case of Rom v. Calhoun, 227 Minn. 143, 34 N.W.2d 359 (1948). However, the situation in Rom dealt only with admissibility of testimony by highway patrol officers following amendment of a statute which had held such testimony inadmissible. The case did not deal with the creating of new vested and substantial property rights. For that reason, Rom does not apply, nor does Rule 43.01, Rules of Civil Procedure.
We have previously held that, subject to administration, property rights vest in the legatees and devisees in the decedent's will or in the heirs of one who dies intestate at the date of death of the decedent. State Bank of Loretto v. Dixon, 214 Minn. 39, 7 N.W.2d 351 (1943); In re Estate of Butler, 205 Minn. 60, 63, 284 N.W. 889, 891 (1939); Barnes v. Verry, 174 Minn. 173, 177, 218 N.W. 551, 552 (1928).
The rule of law in Minnesota is apparently consistent with the general rule throughout the nation. The rule is stated in 10 Am.Jur.2d, Bastards, § 153:
"Statutes conferring rights of inheritance upon illegitimates or enlarging rights previously given do not affect rights vested before their passage. Hence, an illegitimate child may not inherit from or through a parent by virtue of a statute passed after the death of the parent. Its rights of inheritance are governed by the statutes existing at the time of the parent's death."
To follow the path advocated by appellant would require us to reverse previous decisions of this court. The decedent's attorney rightfully drew the decedent's will on the basis of the law in effect while the decedent was still alive. Decedent elected not to include appellant in his will. To construe the law to be retroactive now, at a time when decedent would have no opportunity to change his will, would establish a potentially harmful precedent. It would encourage others to come before the court seeking changes in decrees where probate proceedings are still pending, and perhaps even where final decrees have already been entered. A decision in favor of appellant could also lead to attempts to read retroactivity into other remedial statutes.
Affirmed.