■ In the Matter of the Estate of ANDREW MALAVASE, JR., Deceased. ANDREW S. MALAVASE, SR., Respondent; ROBERT L. OSTERTAG, as Guardian ad Litem of JASON MICHAEL S., Appellant.—In a proceeding to settle the account of the administra-

tor of the estate of Andrew Malavase, Jr., and for leave to settle and compromise the decedent's claims for damages for wrongful death and conscious pain and suffering, the alleged distributee Jason Michael S., an infant under the age of 14, by his court-appointed guardian ad litem Robert L. Ostertag, appeals from so much of a decree of the Surrogate's Court, Dutchess County (Benson, S.), dated November 29, 1985, as directed distribution of the proceeds of the settlement of the decedent's action to recover damages for conscious pain and suffering to persons other than the appellant, and directed that the administrator be released and discharged from any liability to the appellant as to the cause of action to recover damages for conscious pain and suffering.

Ordered, that the decree is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Surrogate that the terms of EPTL 4-1.2 (a) (2) (C) should not be applied in this case. That clause was added to EPTL 4-1.2 by virtue of an amendment which was approved on April 21, 1981, and which became effective on September 1, 1981 (L 1981, ch 75, § 1). The decedent died on October 2, 1979.

Prior to the enactment of that amendment, a child born out of wedlock could share in the distribution of his intestate father's estate only if (1) a court of competent jurisdiction had made an order of filiation during the father's lifetime, or (2) the father had signed an instrument acknowledging paternity *(see,* EPTL 4-1.2 [a] [2] [A], [B]). Neither of these conditions was met in this case. Thus, as of the date of the decedent's death in 1979, the appellant, who is concededly the son of the decedent born out of wedlock, had no right to share in the distribution of the decedent's assets.

We reject the appellant's argument that the 1981 amendment should be applied retroactively. It has been repeatedly held that the rights of individuals who may have an interest in a decedent's estate are fixed as of the date of death. Thus, the Legislature is presumed not to have intended to deprive those individuals of their rights through the retroactive operation of a statute passed after the date of death *(see, People v Powers,* 147 NY 104, 109; *Ely v Ely,* 163 App Div 320, 341-342, *affd sub nom. Ely v Megie,* 219 NY 112; *Matter of Gaffken,* 197 App Div 257, 259, *affd* 233 NY 688; *Matter of Brennan,* 160 App Div 401, 406; *Ferrie v Public Adm'r,* 3 Bradf 249). In other words, "statutory enactments governing decedents' estates are generally not given a retrospective operation" *(Mat-*

ter of Best, 66 NY2d 151, 157, *rearg denied* 66 NY2d 1036; McKinney's Cons Laws of NY, Book 1, Statutes § 56).

Pursuant to this general rule, it has been held that " '[s]tatutes conferring rights of inheritance upon illegitimates or enlarging rights previously given do not affect rights vested before their passage. Hence, an illegitimate child may not inherit from or through a parent by virtue of a statute passed after the death of the parent' " *(In re Estate of Breole*, 298 Minn 116, 120, 212 NW2d 894, 896, quoting from 10 Am Jur 2d, Bastards, § 153). This is the rule which has traditionally been followed in this State *(see, Ferrie v Public Adm'r, supra).*

In accordance with the traditional rule, various Surrogates have more recently held that EPTL 4-1.2 (a) (2) (C) should not be given retroactive effect *(see, Matter of Smith*, 118 Misc 2d 165 [Gelfand, S.]; *Matter of Smith*, 114 Misc 2d 346 [Laurino, S.]; *Estate of Youngblood*, NYLJ, Mar. 25, 1985, at 13, col 4 [Lambert, S.]). Other Surrogates have expressed the view that the 1981 amendment to EPTL 4-1.2 can be viewed as "procedural" or "remedial" in nature, so that retrospective application is warranted *(see, Matter of Christ*, 116 Misc 2d 1078 [Green, S.]; *Matter of Kenny*, 114 Misc 2d 203 [Bloom, S.]). However, as was noted in *Matter of Smith* (118 Misc 2d 165, *supra),* the fact that the Legislature intentionally postponed the effective date of the subject amendment is strong proof that retroactive operation was not intended *(see also, Matter of Deutsch v Catherwood*, 31 NY2d 487, 489).

Thus, in the absence of any indication of a contrary legislative intent, the 1981 amendment should be given prospective effect only. The appellant is accordingly not entitled to share in the distribution of the assets of the decedent's estate. It should be noted, in addition, that the Surrogate properly allowed the infant to share in the distribution of the proceeds of the wrongful death settlement, since pursuant to the law in effect at the time of decedent's death, a child born out of wedlock was deemed a distributee of his father with respect to the statutory wrongful death cause of action *(see, EPTL 5-4.5).*

Accordingly, the decree under review is affirmed insofar as appealed from. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.