OPINION OF THE COURT
C. Raymond Radigan, J.
Within these probate proceedings, petitioner seeks to dismiss the objections heretofore filed by Joseph P. Gibbons, Jr., predicated upon his alleged lack of standing as distributee of decedent, Margaret Gibbons.
Decedent died March 5, 1990, leaving surviving two grandchildren, Laura D. Gibbons and Michael J. Gibbons (an infant), who are marital children of a predeceased son. In addition thereto, decedent is survived by a nonmarital child of that same predeceased son who has, along with the guardian ad litem, filed objections to probate.
*517 It appears without dispute that objectant, Joseph P. Gibbons, Jr., is a nonmarital child who was not the subject of an order of filiation nor had his father acknowledged paternity in writing before his death on April 12, 1976 (EPTL 4-1.2 [a] [2] [A], [B]). Following the death of objectant’s father and prior to the death of Margaret Gibbons, EPTL 4-1.2 was amended so as to afford the right of inheritance to nonmarital children from their father and paternal kindred upon a showing of paternity "by clear and convincing evidence and the father of the child [having] openly and notoriously acknowledged the child as his own” (EPTL 4-1.2 [a] [2] [C], added by L 1981, ch 75, eff Sept. 1, 1981).
Objectant believes that he will be able to establish paternity within the criteria of the 1981 amendment and seeks a hearing for that purpose. A preliminary issue to that hearing is whether the provisions of EPTL 4-1.2 (a) (2) (C) are available to this objectant. In considering the issue of retroactivity, this Department has held that subdivision (a) (2) (C) would be afforded prospective application where a nonmarital child sought to inherit from his father who had died prior to the amendment’s effective date of September 1, 1981. There the court stated "[I]t has been repeatedly held that the rights of individuals who may have an interest in a decedent’s estate are fixed as of the date of death” (Matter of Malavase, 133 AD2d 759, 760). Objectant argues to distinguish this authority so as to limit its application to claims by nonmarital children made directly against their father’s estate. Here, it is to be remembered that objectant, while claiming status through his father, seeks the right to take in his paternal grandmother’s estate. The argument thus turns upon whether the date of establishing status is the date of the putative father’s death (Apr. 12, 1976) or the date of his paternal grandmother’s (Mar. 5, 1990). Application of the later date would extend the benefit of EPTL 4-1.2 (a) (2) (C) to objectant.
The court finds no basis to distinguish Matter of Malavase (supra) as suggested by objectant’s counsel. Had objectant sought to establish paternity during his father’s lifetime and/ or against his estate, clause (C) would not have been applied retroactively. In consequence thereof, and that objectant can only establish status as distributee in his grandmother’s estate through his father, there appears no basis in logic or in law to afford objectant greater status in the paternal grandmother’s estate than he could have acquired in his father’s estate. This conclusion is more succinctly stated in the court’s reliance *518 upon the view that " ' "an illegitimate child may not inherit from or through a parent by virtue of a statute passed after the death of the parent” ’ (In re Estate of Breole, 298 Minn 116, 120, 212 NW2d 894, 896, quoting from 10 Am Jur 2d, Bastards, § 153).” (Matter of Malavase, supra, at 761.)
The motion by petitioner for an order determining Joseph P. Gibbons, Jr. not to be a distributee of decedent is accordingly granted and objections thereto filed by him are dismissed.
The further motion to disqualify his counsel from representing both objectants, Joseph P. Gibbons, Jr. and Laura D. Gibbons, a marital grandchild, on the basis of conflict of interest, has been rendered moot in view of the court’s finding that Joseph P. Gibbons, Jr. lacks status as a distributee.