**John Fitzgerald KENNEDY, Plaintiff,**

v.

**The TRUSTEES OF the TESTAMEN-TARY TRUST OF the Last WILL and Testament OF President John F. KENNEDY, Defendants.**

**No. 08 Civ. 8889 (WHP).**

United States District Court, S.D. New York.

June 19, 2009.

Paul B. Dalnoky, Esq., New York, NY, for Plaintiff.

Marcy Ressler Harris, Esq., Schulte Roth & Zabel LLP, New York, NY, for Defendants.

**MEMORANDUM AND ORDER**

WILLIAM H. PAULEY III, District Judge:

In this action, Plaintiff John Fitzgerald Kennedy[1] ("Plaintiff") alleges that he is the son of President John F. Kennedy and Marilyn Monroe. Although lacking any documentary or corroborating proof of this assertion, Plaintiff attaches pictures of himself to the Complaint, which he presumably believes reveals his resemblance to President Kennedy. Plaintiff brings this action against the Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy (the "Trustees") for breach of fiduciary duty. In his Complaint dated October 16, 2008 ("Compl." or "Complaint"), Plaintiff sought an order directing genetic testing of two members of the Kennedy family— Robert Fitzgerald Kennedy, Jr. and Congressman Patrick Joseph Kennedy—and upon the confirmation of his claim through such genetic testing, an order compelling the Trustees to honor their fiduciary duties. The Trustees moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

After that motion was fully briefed and argued, Plaintiff filed the First Amended Complaint dated June 3, 2009 ("Am. Compl." or "Amended Complaint"), purportedly addressing the issues raised by the Trustees' motion to dismiss. While Plaintiff no longer seeks genetic testing, he requests an order compelling the Trustees to investigate his claim of kinship and upon proof of that claim, his inheritance. The Trustees request that this Court treat their motion to dismiss the Complaint as a motion addressed to the Amended Complaint as well without further briefing.

---

1. Plaintiff changed his name from John Ruben Burton to John Fitzgerald Kennedy in 1994. (Affidavit of Yocheved Cohen dated Apr. 14, 2009 Ex. A: Petition for Change of Name dated July 8, 1994.)

For the following reasons, the Trustees' motion to dismiss the Amended Complaint is granted.

## BACKGROUND

On August 7, 2008, Plaintiff sent the Trustees—Edwin A. Schlossberg and Martin L. Edelman—a letter setting forth his claim that he is one of President Kennedy's children and demanding his inheritance. (Am. Compl. ¶ 20.) The Trustees did not respond.

Plaintiff's August 7, 2008 letter to the Trustees lists a residence in New York, New York (the "New York Residence")[2]. (Compl. Ex. B: August 7, 2008 letters to Schlossberg and Edelman.) Beginning in April 2007, Plaintiff's landlord at the New York Residence served him with multiple notices of termination of his lease. (Affirmation of Odella Woodson, Esq. dated May 4, 2009 ("Woodson Aff.") ¶¶ 5, 10, 14.) In the summer of 2008, the landlord commenced a holdover proceeding in Queens Housing Court. (Woodson Aff. ¶ 11.) Plaintiff applied for an apartment at 105 Metropolitan Ave., Atlantic City, New Jersey, 08401 (the "New Jersey Residence") on or around September 23, 2008 and signed a lease for that apartment on or around October 14, 2008. (Am. Compl. ¶¶ 6, 9.) This action was filed on October 16, 2008. Plaintiff's son and a friend continue to live at the New York Residence on a month to month basis without a lease. (Woodson Aff. ¶ 16.)

At the time he filed his complaint, Plaintiff had a New York driver's license. Plaintiff applied for a New Jersey driver's license after he received his first utility bill, as required under New Jersey law. (Am. Compl. ¶ 11.) Plaintiff and his wife filed a 2008 New Jersey tax return for the period they resided in New Jersey. (Am. Compl. ¶ 11, Ex. B: 2008 New Jersey tax return.) While Plaintiff was registered to vote in New York, he did not vote in the November 2008 elections. (Am. Compl. ¶¶ 15.) Plaintiff was not able to register to vote in New Jersey because the cut-off date was October 6, 2008 and 30 days of residence in New Jersey is required. (Am. Compl. ¶ 13.)

The Trustees are residents of New York. (Am. Compl. ¶¶ 4–5.)

## DISCUSSION

### I. Diversity Jurisdiction

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998). It is the plaintiff's responsibility to affirmatively establish subject matter jurisdiction. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.2000). A party's citizenship for purposes of diversity jurisdiction is a mixed question of fact and law, which is properly resolved by the district court. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 41–42 (2d Cir.2000); *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 n. 2 (2d Cir.1984) ("The question of jurisdiction need not be submitted to a jury."). The determination can be made based on affidavits and other supporting materials. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). Those documents must be construed in the light most favorable to plain-

---

**2.** The zipcode (11385) and street address (1672 Grove Street) Plaintiff identifies in the August 7, 2008 letter are found in Queens, not Manhattan. At oral argument, Plaintiff's counsel acknowledged that Plaintiff traveled from his Queens address, where he had spent the night, to attend the hearing. (Transcript dated May 22, 2009 at 13.)

tiff. *Marine Midland Bank,* 664 F.2d at 904.

### A. Domicile

 The plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. *Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir.1998). For purposes of diversity jurisdiction, citizenship is based on domicile. *Linardos,* 157 F.3d at 948. "Domicile is the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." *Linardos,* 157 F.3d at 948. Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another. *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 47–49, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989). "A party alleging that there has been a change of domicile has the burden of proving ... intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality ...." *Corio,* 232 F.3d at 42 (internal quotations marks and citations omitted). A "party alleging a change of domicile faces a contrary presumption and must establish the change by clear and convincing evidence." *Kleiner v. Blum,* No. 03 Civ. 3946(NRB), 2003 WL 22241210, at *1 (S.D.N.Y. Sept. 20, 2003); *Bank of India v. Subramanian,* No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *5 (S.D.N.Y. May 15, 2007); *see also Gold v. Katz,* No. 90 Civ. 7726 (RLC), 1991 WL 237807, at *3 (S.D.N.Y. Nov. 4, 1991).

 "Factors frequently taken into account [in determining domicile] include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Bank of India,* 2007 WL 1424668, at *3. Courts also consider "whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) ... and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." *Nat'l Artists Mgmt. Co. v. Weaving,* 769 F.Supp. 1224, 1228 (S.D.N.Y.1991). No single factor is determinative, and courts must consider the "totality of the evidence." *Weaving,* 769 F.Supp. at 1228.

 Plaintiff established his residence in New Jersey at the time he brought this action. While the timing of the filing of this action—two days after signing a lease for the New Jersey Residence—is suspicious, Plaintiff applied for the apartment in September 2008. Moreover, the fact that Plaintiff's landlord commenced a proceeding in Housing Court to remove him from the New York Residence in the summer of 2008 suggests that Plaintiff did not acquire the New Jersey Residence to create diversity jurisdiction. That Plaintiff applied for a New Jersey driver's license as soon New Jersey law permitted, and filed taxes in New Jersey, suggest that he does intend to make New Jersey his domicile. Accordingly, construing the facts in Plaintiff's favor, the Court finds that Plaintiff's domicile is New Jersey and diversity jurisdiction is proper.

### B. Probate Exception

 The probate exception to diversity jurisdiction "reserves to state courts the probate or annulment of a will and the administration of a decedent's estate ... [and] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall,* 547 U.S. 293, 311–12, 126 S.Ct. 1735, 164 L.Ed.2d

480 (2006). "[S]o long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir.2007).

 Plaintiff styles his claim as a breach of fiduciary duty. To the extent Plaintiff seeks an order compelling the Trustees to investigate Plaintiff's claim that he is President Kennedy's son, the probate exception to diversity jurisdiction does not apply because such an order would not require the court to administer a probate matter or exercise control over a res in the custody of a state court. *See, e.g., Lefkowitz*, 528 F.3d at 108 (claims for breach of fiduciary duty, while "intertwine[d] with the litigation proceeding in probate court," did not require control of the res in a state probate proceeding). However, since Plaintiff seeks his inheritance under President Kennedy's will, if his kinship claim is confirmed, the probate exception applies because the claim requires this Court to exercise control over a res in the custody of a state court. *See, e.g., Lefkowitz*, 528 F.3d at 107 (claims that sought funds that remained under the control of the probate court were subject to the probate exception); *Lamica v. La-Pierre*, 05 Civ. 964 (FJS)(GJD), 2006 WL 3423861, at *1 (N.D.N.Y. Nov. 28, 2006) (plaintiff's claim seeking to invalidate decedent's second will and receive his inheritance under the first will were subject to the probate exception).

Accordingly, this Court does not have jurisdiction over Plaintiff's claim for his inheritance under President Kennedy's will, if his assertion that he is President Kennedy's son is confirmed. The Trustees' motion to dismiss that portion of the Amended Complaint is granted.

## II. *Rule 12(b)(6) Motion*

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir.1998). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"): *see also Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) ("Twombly expounded the pleading standard for all civil actions.") (internal quotation marks and citations omitted).

 Because Plaintiff's claim is for breach of fiduciary duty, this Court must first consider whether the Trustees owe him a fiduciary duty if he is President Kennedy's son. Where a federal court sits in diversity, it must apply the choice of law rules of the forum state. *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538 (2d Cir.1997). Section 3–5.1 of the New York Estates, Powers & Trusts Law ("EPTL") provides that "[i]nterpretation of a testamentary disposition of personal property shall be made in accordance with the local law of the jurisdiction in which the testator was domiciled at the time the will was executed." President Kennedy was domiciled in Massachusetts at the time his will was executed. (Compl. Ex. A: Last Will and Testament of John F. Kennedy.) Accordingly, the Court must apply Massachusetts law.

 Until 1987, under Massachusetts law, "such words as issue, children, de-

scendants, and so forth ... in the absence of anything indicating a contrary intent, meant only persons of the class who were born in lawful wedlock." *Powers v. Wilkinson,* 399 Mass. 650, 506 N.E.2d 842, 844 (1987) (quoting *Fiduciary Trust Co. v. Mishou,* 321 Mass. 615, 75 N.E.2d 3 (1947)). In 1987, the Massachusetts Supreme Judicial Court reversed that rule, holding that given current "social mores and modern legal developments ... the word 'issue' absent clear expressions of a contrary intent, must be construed to include all biological descendants." *Powers,* 506 N.E.2d at 846, 848. However, the court only applied the rule to trust instruments executed after the date of the opinion. *Powers,* 506 N.E.2d at 849. Here, the trust instrument was executed long before 1987, and there is nothing in President Kennedy's will to suggest he intended to include non-marital children as beneficiaries. Therefore, even if Plaintiff's assertion that he is President Kennedy's son could be substantiated, he would not be entitled to inherit under the will. Accordingly, the Trustees could not owe him a fiduciary duty.

█ While Plaintiff attempts to recast his breach of fiduciary claim as a tort, New York choice of law requires application of New York law, and the result is no different. Pursuant to New York EPTL, "the rights of individuals who may have an interest in a decedent's estate are fixed as of the date of death." *Matter of Malavase,* 133 A.D.2d 759, 520 N.Y.S.2d 49, 50 (1987). Under New York law, at the time of President Kennedy's death, "a child born out of wedlock could share in the distribution of his intestate father's estate only if (1) a court of competent jurisdiction had made an order of filiation during the father's lifetime, or (2) the father had signed an instrument acknowledging paternity." *Malavase,* 520 N.Y.S.2d at 50.

Because Plaintiff cannot satisfy either of these conditions, he could not share in any distribution from President Kennedy's estate, even if he could establish that he is President Kennedy's son.

*CONCLUSION*

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted and this action is dismissed. The Clerk of the Court is directed to mark this case as closed.

SO ORDERED.