09-3043-cv
*Kennedy v. The Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:    GUIDO CALABRESI
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            PAUL A. CROTTY,
                        *District Judge*.[*]

---

JOHN FITZGERALD KENNEDY,
            *Plaintiff-Appellant*,

-v.-                                              No. 09-3043-cv

THE TRUSTEES OF THE TESTAMENTARY TRUST OF THE LAST WILL AND TESTA-
MENT OF PRESIDENT JOHN F. KENNEDY,
            *Defendants-Appellees*.[**]

---

Paul Benjamin Dalnoky, New York, NY, *for Plaintiff-
Appellant*

Harlan A. Levy, Boies, Schiller & Flexner LLP, New York, NY, *for
Defendants-Appellees*.

---

[*]The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

[**]The Clerk of the Court is directed to amend the official caption to conform with the caption above.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant John Fitzgerald Kennedy appeals from a judgment of the District Court entered on June 19, 2009 (Pauley, *J.*), dismissing his Amended Complaint based on the probate exception to the federal courts' diversity jurisdiction and on Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleged that he was a biological son of the late President Kennedy and that the Defendants breached fiduciary duties to him in their handling of his demand to share in the proceeds of the testamentary trust established by the late President for the benefit of his children. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

With respect to the dismissal of one of Plaintiff's claims due to the "probate exception" to diversity jurisdiction, "[w]e review questions of subject-matter jurisdiction *de novo*." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007). We apply the same *de novo* standard of review to the dismissal of the remainder of his complaint for failure to state a claim under Rule 12(b)(6). *Kuck v. Danaher*, 600 F.3d 159, 162 (2d Cir. 2010). "[A]s a matter of substance, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

As this Circuit has recently noted, "[t]he 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007). In *Marshall v. Marshall*, 547 U.S. 293 (2006), the Supreme Court clarified the scope of this exception, stating that

it "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311-12. We have thus found that the exception applied to claims in which the plaintiff sought "in essence, disgorgement of funds that remain under the control of the Probate Court," *Lefkowitz*, 528 F.3d at 107, but not to claims of breach of fiduciary duty in which the defendant sought "damages from Defendants personally rather than assets or distributions from [an] estate." *Id.* at 107-08.

The district court found that the exception applied to Plaintiff's request for an order compelling Defendants, upon proof of his claim to being a beneficiary of a class gift in President Kennedy's will, to pay to him funds from the testamentary trust representing his past, present, and future entitlement under the will. It found that the exception did not apply, however, to his request for an order that would compel Defendant Edelman to investigate Plaintiff's claim. We agree with respect to both claims. The Supreme Court has noted that "while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Markham v. Allen*, 326 U.S. 490, 494 (1946) (citations omitted). Unlike in *Markham*, in which the federal court simply declared the plaintiff was entitled to share in the estate in dispute, the Plaintiff in this case is seeking not simply a declaration of entitlement to funds from the testamentary trust, but rather a court order compelling payment to the extent he is found to be so entitled. Thus, while Plaintiff's first claim

3

seeks only to compel Defendant Edelman to perform his purported fiduciary duty to investigate Plaintiff's claim, the second asks the Court "to dispose of property that is in the custody of a state probate court," *Marshall*, 547 U.S. at 293, in this case, the court administering the testamentary trust, and thus falls within the exception. As a result, while the probate exception does not bar consideration of the first claim, we are without jurisdiction to consider Plaintiff's second claim.

With respect to the first claim, that Defendants breached a fiduciary duty to Plaintiff in failing to investigate his claim, we affirm the District Court's dismissal under Rule 12(b)(6). The parties agree and the plain terms of the will reflect that the testamentary trust in President Kennedy's will was established for the benefit of his "children." In order for the Defendants-Trustees to owe the Plaintiff a fiduciary duty as a beneficiary of this trust, then, he must fall within the meaning of the term "children" in the will. The Plaintiff alleges that he made a demand for his share of the inheritance, in a letter to each of the Defendants, pursuant to his status as a purported biological son of the late President. As the letters to each trustee, attached to his complaint, reflect, however, he does not claim to be a legitimate child of the President but rather an illegitimate son of the President and the late actress Marilyn Monroe. The district court held that under Massachusetts law at the time that President Kennedy's will was executed, "in the absence of anything indicating a contrary intent," words like "issue" or "children" referred only to "persons of the class who were born in lawful wedlock." *Kennedy v. The Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy*, No. 08 Civ. 8889 (WHP), slip op. at 7 (S.D.N.Y. June 19, 2009) (quoting *Powers v. Wilkinson*, 506 N.E.2d 842, 844 (Mass. 1987)). Finding no such indicia of contrary intent in the will, the court dismissed Plaintiff's claim.

As an initial matter, we agree with the district court that Massachusetts law applies to the construction of the will at issue in this case. Sitting in diversity, we apply the choice-of-law rules of the forum state, here New York. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Under New York law, "[i]nterpretation of a testamentary disposition of personal property shall be made in accordance with the local law of the jurisdiction in which the testator was domiciled at the time the will was executed." N.Y. Estates, Powers and Trusts Law § 3-5.1. As President Kennedy's will indicates he was domiciled in Massachusetts at the time of its execution, we look to Massachusetts law in construing its terms.

As the district court noted, under Massachusetts law applicable to wills executed before 1987, terms like "children" were presumed to include only marital children to the exclusion of any non-marital children. *Powers*, 506 N.E.2d at 844. Even with that presumption, however, "[i]t is fundamental that a trust instrument must be construed to give effect to the intention of the donor as ascertained from the language of the whole instrument considered in the light of circumstances known to the donor at the time of its execution." *Id.* at 843 (quoting *Groden v. Kelley*, 415 N.E. 2d 850 (Mass. 1981)). However, in seeking to establish that intention, Plaintiff alleges only that President Kennedy used variants of "child" rather than "issue" in describing the class gift to his children, that he never used a more specific phrase to limit the class gift to children of his marriage, and that an Executive Order signed almost nine years after his will was executed defined "child" for the purposes of the Selective Service Regulations as including both legitimate and illegitimate children. Manifestly, none of these allegations suffice even to suggest intent on the part of President Kennedy to provide for non-marital children through the use of the term "children" in his will. While presumptions may be overcome, the lack of anything in President Kennedy's will indicating

5

an intent to include non-marital children as beneficiaries and the failure to allege any facts that could, if true, overcome the presumption makes dismissal for failure to state a claim appropriate in this case. As the Massachusetts Supreme Court, construing the word "issue" held, "Because nothing indicates an intent by the donor to include nonmarital issue, precedent requires us to presume that the donor intended, in accordance with the law extant at the time the instrument was executed, to exclude nonmarital descendants from the class denoted by [the] use of the word 'issue.'" *Powers*, 399 Mass. at 654.

We have considered Kennedy's other arguments on appeal and find that they are without merit or moot. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6